UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | Criminal Case No. 2:22cr16 |
| v. | ) | |
| | ) | **REPORT AND** |
| **KERI LEANN CORBIN,** | ) | **RECOMMENDATION** |
| Defendant | ) | |

### I.   Background

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3), and upon the defendant's written consent, this case was referred to the Honorable Pamela Meade Sargent, United States Magistrate Judge, to conduct a plea hearing.

### II. Facts

The defendant has been charged in a one-count Information.  On November 9, 2022, a plea hearing was conducted before the magistrate judge, and the defendant entered a plea of guilty to Count One of the Information, charging her with conspiracy to distribute and/or possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

At this hearing the defendant was placed under oath and testified that she is 42 years old and that she completed high school and attended one year of college.

–1–

The defendant testified that she had a serious substance abuse history, including the use of methamphetamine up until the time of her arrest on October 25, 2022. Nonetheless, the defendant stated that her substance abuse history, and/or the lack of treatment for her substance abuse problem, did not affect her current ability to make decisions in her best interest, or her ability to understand the nature of the proceedings or the consequences of pleading guilty to the charges she faced. The defendant further testified that she had never been diagnosed with, treated for or suffered from any mental illness. She also testified that she was not under the influence of any drug, medication or alcoholic beverage.

The defendant stated that she was fully aware of her right to grand jury indictment, that she had discussed that right with her counsel and that she wished to waive her right to grand jury indictment and consent to allow the Government's case against her to proceed on the one-count Information filed with the court. The defendant stated that, other than the terms of the Plea Agreement filed in this matter, no one had made any other promises to her or in any way had attempted to force her into waiving her grand jury indictment right. The undersigned accepted the defendant's waiver of her grand jury indictment rights, finding that the defendant was doing so knowingly and voluntarily.

The defendant stated that she was fully aware of the nature of the charge against her and the consequence of pleading guilty to that charge. The defendant was advised in open court of the charge contained against her in the Information.  She testified that she had fully discussed the charge, and her case in general, with her counsel. She also testified that she had read the Plea Agreement in its entirety, and

–2–

she had discussed the Plea Agreement with her counsel before signing the Agreement. She stated that she understood the terms of the Plea Agreement and that the document presented to the court set forth her agreement with the Government in its entirety. The defendant specifically testified that she understood that, under the terms of the Agreement, she was waiving any right to directly appeal or collaterally attack her conviction and sentence, insofar as she may legally do so.

The defendant stated that she was pleading guilty of her own free will because she was, in fact, guilty of the offense charged. The defendant also stated that no one had made any promises, other than those contained in the Plea Agreement with the Government, assurances or threats to her in an effort to induce her plea. The defendant testified that she understood that the offense with which she is charged is a felony and that, if her plea is accepted, she will be adjudged guilty of the offense and that this adjudication may deprive her of valuable civil rights such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess a firearm. The defendant further testified that she understood that the offense with which she is charged is a drug offense and that, if her plea is accepted, she will be adjudged guilty of the offense and that this adjudication will make her ineligible for certain federal benefits including certain Social Security and food stamp benefits.

The defendant was informed of the possible maximum and mandatory minimum penalties provided by law for the offense with which she is charged. In particular, the defendant stated that she understood that the offense to which she was pleading guilty carried a mandatory minimum sentence of 10 years' imprisonment. The defendant also was informed that, under the Sentencing Reform Act of 1984,

the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant testified that she and her counsel had discussed how the Sentencing Guidelines might apply in her case. The defendant also testified that she understood that the court would not be able to determine the guideline sentence for her case until after a presentence report has been completed and both parties have an opportunity to challenge the reported facts and the application of the guidelines. The defendant stated that she understood that, after the applicable guideline range was determined, that the district judge has the authority in some circumstances to depart from the guidelines and impose a sentence that is more severe or less severe than the sentence called for by the guidelines. She stated that she understood that the Sentencing Guidelines were no longer mandatory, and after considering the guidelines and the factors listed under 18 U.S.C. § 3553(a), the district judge may sentence outside of the guidelines and up to the statutory maximum sentence. She stated that she understood that the eventual sentence imposed may be different from any estimate her attorney, the U.S. Attorney's Office or the U.S. Probation Office has given her. The defendant stated that she knew that parole had been abolished and that if she is sentenced to prison, she will not be released on parole and will serve her full term of imprisonment.

The defendant also testified that she understood that she had the right to a trial by a jury, in addition to the following rights, which would be waived or given up if her guilty plea is accepted:

> i. The right to plead not guilty to any offense charged against her;
> ii. The right at trial to be presumed innocent and to force the

        Government to prove her guilt beyond a reasonable doubt;
- iii. The right of assistance of counsel;
- iv. The right to see, hear and cross-examine witnesses;
- v. The right to call witnesses to testify in her own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses; and
- vi. The right to decline to testify unless she voluntarily elected to do so in her own defense.

The defendant stated that she was fully satisfied with the advice and representation given to her in this case by her counsel. She stated that she had no complaints whatsoever with regard to her attorney's representation. The defendant also testified that she understood the possible consequences of her plea and asked the court to accept her plea of guilty to Count One of the Information.

The Government presented the following evidence regarding the offense with which the defendant is charged:

> Between August 1, 2021, and the present, the defendant, Keri Leann Corbin, the co-conspirators listed in the Information, and others, knowingly and intentionally conspired to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine in Wise, Lee, and Scott Counties in the Western District of Virginia.
> The evidence would show that during the relevant period, Corbin was an associate of lead co-conspirator Michael White, whom she knew to distribute significant quantities of methamphetamine and other drugs. Corbin drove Michael White from Big Stone Gap, Virginia, to Kingsport, Tennessee, hours after he shot Big Stone Gap Police Officer Michael Chandler. The evidence would show that Corbin facilitated methamphetamine transactions between individuals and co-conspirators Michael White and Tyler Westmoreland during the time of the conspiracy, and that she set up Michael White with a female

source of supply for methamphetamine so that he could purchase methamphetamine from the source for further distribution in the Western District of Virginia.

The evidence would show that Corbin purchased distribution quantities of methamphetamine from co-conspirator Timothy Jones. She also facilitated methamphetamine transactions between co-conspirator Timothy Jones and others. The evidence would show that Corbin knowingly transported individuals to Kingsport, Tennessee, to purchase methamphetamine from Timothy Jones, who then returned to the Western District of Virginia to further redistribute that methamphetamine.

The evidence would show that Corbin had knowledge of the overall objectives and scope of the conspiracy and knowingly and voluntarily participated in it, and that she facilitated the distribution of at least 500 grams of methamphetamine in total over the life of the conspiracy.

## PROPOSED FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;
2. The defendant is aware of the nature of the charges and the consequences of her plea;
3. The defendant knowingly and voluntarily entered a plea of guilty to Count One of the Information; and
4. The evidence presents an independent basis in fact containing each of the essential elements of the offense to which the

defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned recommends that this court accept the defendant's plea of guilty to Count One of the Information and adjudge her guilty of that offense.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, Chief United States District Judge.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record at this time.

DATED:   This 10th day of November, 2022.

/s/   *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE